PER CURIAM.
■ Petitioner, Richard W. Lobb, a resident of Treasure Island, Florida and a 1963 *76 graduate of an accredited Florida law school, applied to the Florida Board of Bar Examiners to take the Bar examination in March of 1963. Investigation of the character and moral fitness of petitioner was made and he was permitted to take the examination. Subsequent to the examination, but prior to the time petitioner was scheduled for the Board’s recommendation concerning his educational, -character and fitness requirements to become an attorney, information was received that cast doubts on petitioner’s character ■and fitness. The Board notified petitioner that his grades had been impounded and re■quested him to appear before it at an informal hearing to be held in Miami, Florida on August 2, 1963. The hearing was set pursuant to the Board’s investigative processes and the notice of hearing carried with it the usual admonition outlining petitioner’s rights and responsibilities before the Board, but it did not specify why further character investigations were considered necessary.
Mr. Lobb refused to abide by the request of the Board, and instead filed, through his attorney, a petition with this court questioning the authority of the Board to make further investigation of his character and fitness without informing him of the reasons therefor, and contending that the Board ■should have certified his application to this court. Fie reasoned that once the Board has inquired into the fitness of an applicant it appears a mere ministerial duty, under Article IV, Sec. 20 of the Rules of the Supreme Court Relating to Admissions to the Bar, 31 F.S.A., as amended, to certify an application for admission if the applicant has attained a passing score. Petitioner prays that this court determine by what authority the Board can compel petitioner to appear a second time to support his application for admission to the Bar, and by what authority the Board can withhold its recommendation to this court after he has been admitted to take the Bar examination and has taken it. Petitioner further prays that this court order the Board to release his grades, compel it to file formal charges against him, and establish the rules for conducting the hearing, if any.
The Florida Board of Bar Examiners filed its reply, together with three exhibits, which in our opinion cast grave doubts on petitioner's moral character and fitness to practice law and persuades us that í further investigation is necessary before the Board can in good faith render to this court a recommendation concerning petitioner. See Art. II, Sec. 12; Art. IV, Sec. 21; and Art V, Sec. 23. Art. IV, Sec. 20 provides that an applicant produce satisfactory evidence that he is of good character and fitness before he is permitted to take the Bar examination but does not preclude the Board from refusing to certify a recommendation to this court or preclude its impounding an applicant’s grades should satisfactory evidence question his good moral character after he has taken the examination and before it has made its recommendation to this court. The procedure outlined in Art. IV, Sec. 21 is used when the Board has completed its investigation and it cannot be presumed that the Board will render an unfavorable recommendation or that if, after its recommendation, the candidate will file a petition in this court for review.
For these reasons, we hold that the petitioner is not eligible at this stage of the proceedings to have his cause reviewed by this court and will not become so eligible until the Board has completed its investigations and made its recommendations to this court. In fairness, however, upon a proposed second investigation by the Board of the character and fitness of an applicant after he has once produced satisfactory evidence that he is of good moral character, and has taken the Bar examination, we think that he should be given notice of the reasons for the supplementary investigation, and if he deems it desirable the applicant should be allowed witnesses in his behalf as well as counsel. It is therefore
*77 Ordered that the petition be dismissed and the Board of Bar Examiners proceed with its investigation as provided in the Rules of the Supreme Court Relating to Admissions to the Bar, as amended, with all deliberate speed.
DREW, C. J., and TERRELL, ROBERTS, O’CONNELL and CALDWELL, JJ., concur.